UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL JOSEPH LEVERIDGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2409** |
| **THE BOURBON ORLEANS HOTEL MANAGEMENT** | **SECTION "J"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Michael Joseph Leveridge, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint against the "Bourbon Orleans Hotel Management."  In his complaint, he alleges that the hotel management gave police access to his hotel room and took his personal possessions.  He further alleges that the hotel management now says that it does not know what happened to his personal property, which he values at $8,500.  He wants his property returned or to be compensated for its loss.

The court must initially examine the basis for federal subject matter jurisdiction.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).  Unless otherwise provided by statute, federal district courts have jurisdiction over:  (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28

U.S.C. §§ 1331 & 1332(a)(1).  A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper.  See Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

Plaintiff filed his complaint on a form intended for use by prisoners filing suit under 42 U.S.C. § 1983; however, that statute simply is not applicable here.  Specifically, that statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Therefore, "[a]ny action brought pursuant to § 1983 requires the plaintiff to show a federal-rights deprivation *by a state actor*." Hines v. Helms, 78 Fed. App'x 360, 361 (5th Cir. 2003) (emphasis added).  In this case, plaintiff does not allege that the private hotel management is a "state actor" and there is no basis on which this Court could infer state action.  There is simply no basis on which to conclude that plaintiff's claim arises under § 1983 or any other federal law as required for "federal question" jurisdiction.

Further, plaintiff also does not allege that diversity of citizenship exists and, in any event, the amount in controversy falls well below the required jurisdictional amount.  Accordingly, there is also no basis for concluding that federal diversity jurisdiction exists.  See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

For these reasons, the undersigned finds that this complaint should be dismissed for lack of subject matter jurisdiction.  If plaintiff wishes to pursue his claim, he must do so in *state* court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this fifteenth day of December, 2014.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.